In re Carla Michelle–Lynne
GREW, Debtor.

Carla Michelle Lynne Grew, aka Michelle L. Barczy, Michelle L. Moffit Douglas N. Menchise, Trustee, Plaintiffs,

v.

Leasure & Heidkamp, PA, Thomas Heidkamp, Jeffrey Leasure, Henry Andreasen, Thomas Grabowski, Chad Michael Davison and Kurt Sanborn, Defendants.

Bankruptcy No. 9:01–bk–06976–ALP.
Adversary No. 9:06–ap–00169–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept. 5, 2006.

Carla Michelle–Lynne Grew, Cape Coral, FL, pro se.

*ORDER DENYING DEFENDANTS, JEFFREY W. LEASURE, LEASURE & HEIDKAMP, P.A., THOMAS S. HEIDKAMP, HENRY ANDREASEN, and THOMAS GRABOWSKI'S MOTION FOR RULE 9011 SANCTIONS AGAINST CARLA MICHELLE–LYNNE GREW*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in the above-captioned adversary proceeding is Defendants, Jeffrey W. Leasure, Leasure & Heidkamp, P.A., Thomas S. Heid-

kamp, Henry Andreasen, and Thomas Grabowski's Motion for Rule 9011 Sanctions against Carla Michelle–Lynne Grew (Doc. No. 30). The Defendants in their Motion request that this Court enter an order finding the Debtor in violation of Rule 9011 of Federal Rules of Bankruptcy Procedure, and further request this Court award the Defendants damages and attorney's fees.

In support of their Motion, the Defendants contend that the Debtor has no standing to pursue the claims which she is asserting and there is no basis in fact or in law to support the claims asserted by the Debtor against the Defendants. Therefore, it is the Defendants contention that the Debtor has willfully violated Rule 9011 of the Federal Rules of Bankruptcy Procedure by filing the above-captioned Adversary Proceeding.

The Court reviewed the record and finds that on March 30, 2006, the Debtor filed a Complaint and Demand for Relief in the above-captioned Adversary Proceeding naming the above-mentioned Defendants. The Court has reviewed the Motion, together with the record and is satisfied that inasmuch as F.R.B.P. 9011(c)(1)(A) provides in part that: "The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion ..., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected...." There is nothing in the record which indicates that the Defendants, as condition precedent, notified the Debtor that they planned to seek sanctions against the Debtor if she did not withdraw the filing of her Complaint against the Defendants within 21 days prior to filing their Motion for Sanctions. Based on the foregoing, this Court is satisfied that the Defendants, Jeffrey W. Leasure, Leasure & Heidkamp, P.A., Thomas S. Heidkamp,

Henry Andreasen, and Thomas Grabowski's Motion for Rule 9011 Sanctions against Carla Michelle–Lynne Grew should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendants, Jeffrey W. Leasure, Leasure & Heidkamp, P.A., Thomas S. Heidkamp, Henry Andreasen, and Thomas Grabowski's Motion for Rule 9011 Sanctions against Carla Michelle–Lynne Grew (Doc. No. 30) be, and the same is hereby denied.

DONE AND ORDERED.